FILED
2026 Jun-08  PM 04:02
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

**KINJALBEN JAYDEEPSINH VAGHELA,**

　　　**Petitioner,**

**v.**

**MELLISSA B. HARPER,** *et al.*,

　　　**Respondents.**

**Case No.: 7:26-cv-128-HDM-HNJ**

## MEMORANDUM OPINION AND ORDER

This matter is before the court on Petitioner Kinjalben Jaydeepsinh Vaghela's Amended Renewed Emergency Petition for Writ of Habeas Corpus. (Doc. 16). In light of the Eleventh Circuit's recent decision in *Hernandez Alvarez v. Warden, Federal Detention Center Miami*, 175 F.4th 1258 (11th Cir. 2026), as well as the respondents' concession that that case entitles Vaghela to a bond hearing before an immigration judge, (doc. 24), her petition for a writ of habeas corpus is **GRANTED** to the extent she seeks such a hearing.[1]

---

[1] Two of the respondents in this matter—United States Attorney General Pamela Bondi and Secretary of the Department of Homeland Security Kristi Noem—have left office since Vaghela filed her original petition in January and their successors in office, Todd Blanche and Markwayne Mullin, respectively, are automatically substituted as parties to this matter. Fed. R. Civ. P. 25(d); *Kentucky v. Graham*, 473 U.S. 159, 166 n.11 (1985) ("In an official-capacity action in federal court, death or replacement of the named official will result in automatic substitution of the official's successor in office.").

Vaghela is a citizen of India, who, on or about May 11, 2023, entered the United States without inspection at or near Fort Covington, New York. (Doc. 16-1 at 1). After she entered the country, Border Patrol issued Vaghela a Notice to Appear before an immigration judge in New York City. *Id.* Following the issuance of the Notice to Appear, Vaghela regularly checked in with Immigration and Customs Enforcement ("ICE"). (*See* doc. 16 at 3, ¶¶ 5–6). On January 22, 2026, ICE detained Vaghela at its Sub-Office in Montgomery, Alabama, as she complied with a report-in notification from the Department of Homeland Security ("DHS"). *See id.* at 3, ¶ 5. At that time, Vaghela was served with another Notice to Appear. (Doc. 16-2). The parties agree that Vaghela is detained under 8 U.S.C. § 1226(a), (docs. 16 at 15; 24 at 3), which, as relevant here, permits the Attorney General to release a detainee on bond or conditional parole before a final determination on whether she is to be removed from the United States, 8 U.S.C. § 1226(a)(2).

The operative pleading in this matter is Vaghela's Amended Renewed Emergency Petition for Writ of Habeas Corpus, in which she seeks a bond hearing before an immigration judge or immediate release from custody. (Doc. 16). On February 13, 2026, the court denied the petition insofar as it sought an *ex parte* temporary restraining order and referred the balance of her petition to the Magistrate Judge. (Doc. 17 at 17). On February 17, 2026, the Magistrate Judge ordered the respondents to appear and show cause in writing why Vaghela's petition should not

be granted. (Doc. 18). On March 10, 2026, the respondents filed a response to the petition, (doc. 19), to which Vaghela replied in turn, (doc. 21).

On May 6, 2026, the Eleventh Circuit decided *Hernandez Alvarez v. Warden, Federal Detention Center Miami*, 175 F.4th 1258 (11th Cir. 2026), and Vaghela filed a copy of that decision in this case, (doc. 23). In *Hernandez Alvarez*, the Eleventh Circuit held that "no-bond detention [under 8 U.S.C. § 1225] generally applies to arriving aliens seeking lawful entry to the country, and not to aliens who are simply present here." *Hernandez Alvarez*, 175 F.4th at 1262. Under *Hernandez Alvarez*, any alien, such as Vaghela, who is not seeking admission to the United States at the border, but already "unlawfully in the interior," is subject to detention under 8 U.S.C. § 1226, *id.* at 1276, and, therefore, may seek a bond hearing, *Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention."). On May 22, 2026, the respondents filed a Notice Regarding Eleventh Circuit Precedent in which they concede that *Hernandez Alvarez* is controlling precedent and that Vaghela, as a detainee subject to § 1226(a), is entitled to an immigration bond hearing. (Doc. 24). In light of *Hernandez Alvarez* and the parties' agreement that it is dispositive for at least some of Vaghela's petition, the court "finds the appropriate remedy to be a bond hearing before an immigration judge. In reaching this conclusion, the court joins a 'comfortable majority' of district courts concluding the same." *E.A.L.A. v.*

*Powell*, No. 7:26-cv-687, 2026 WL 1494518, at *3 (N.D. Ala. May 28, 2026) (quoting *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 687 (W.D. Tex. 2025)).[2]

Accordingly, the court **GRANTS** Vaghela's petition for a writ of habeas corpus to the extent she requests a bond hearing. The court **ORDERS** the respondents to either (1) bring Vaghela before an immigration judge for a meaningful bond hearing on the merits of her case **on or before June 15, 2026**, or (2) release Vaghela from custody. The hearing must include—and the resulting order must reflect—consideration of all evidence properly submitted by Vaghela and the factors announced in *In re Guerra*, 24 I&N Dec. 37 (BIA 2006). Vaghela's counsel must receive at least 48 hours' notice of the hearing, but only if they enter their appearance in the Executive Office of Immigration Review's online filing system in time to receive the notice. Subjecting Vaghela to mandatory detention is unlawful and, thus, if the respondents are unable to ensure the timely and meaningful bond hearing to which she is entitled under § 1226(a), they must release her under reasonable conditions of supervision. The court **DIRECTS** the respondents to file a notice **on or before June 22, 2026**, reporting on the results of the individualized bond hearing or informing the court that Vaghela has been released from custody.

---

[2] Vaghela expresses great concern that the immigration court will rely on *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025), to find it lacks jurisdiction over her bond hearing, (doc. 16 at 12–13), but, as recognized by other courts in the Eleventh Circuit, *Hernandez Alvarez* forecloses such a possibility, *see, e.g.*, *Morales-Jose v. Warden, Baker Cnty. Det. Ctr.*, No. 3:26-cv-677, 2026 WL 1283022, at *2 (M.D. Fla. May 11, 2026).

In her most recent filing, Vaghela alludes in passing to the possibility of sanctioning the respondents, (doc. 25 at 4, 6), but makes no attempt to support this request with controlling precedent or substantive argument. This court has previously held that it need not address "perfunctory argument[s]" when the movant "provides no discussion or analysis in support of [the] contention" at issue, *Leath v. Soc. Sec. Admin., Comm'r*, No. 4:19-cv-612, 2019 WL 6896173, at *4 (N.D. Ala. Dec. 18, 2019), and Vaghela's request for sanctions is **DENIED**. Vaghela also seeks an award of attorney's fees pursuant to the Equal Access to Justice Act, (doc. 25 at 2, 6), but her request is **DENIED** for her failure to comply with the plain requirements for such an application in 28 U.S.C. § 2412(d)(1)(B).

The court retains jurisdiction to effectuate this order. The court **DIRECTS** the Clerk of Court to enter judgment in Vaghela's favor and close this file.

**DONE** and **ORDERED** on June 8, 2026.

_____
**HAROLD D. MOOTY III**
UNITED STATES DISTRICT JUDGE

5